# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| MOSES JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:16-cv-01663-MHH-SGC |
| | ) | |
| WANDA LIGHTNER, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On February 22, 2017, the magistrate judge entered a report in which she recommended that the Court dismiss as time-barred petitioner Moses Jackson's 28 U.S.C. § 2254 claims. (Doc. 6, p. 5). The magistrate judge advised Mr. Jackson of his right to file objections within fourteen (14) days. (Doc. 6, pp. 5-6). Mr. Jackson filed objections and an affidavit. (Doc. 7; Doc. 8).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews for plain error proposed factual findings to which no objection is made, and a district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993

F.2d 776, 779 n. 9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

As the magistrate judge explained, this matter concerns Mr. Jackson's 2003 convictions in the Circuit Court of Calhoun County, Alabama for first-degree robbery and attempted murder. (Doc. 6, p. 1). Mr. Jackson did not file a direct appeal. Rather, in 2014, more than ten years after he was convicted in state court, Mr. Jackson filed a state petition under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 6, pp. 1-2). The Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition, and the Alabama Supreme Court denied certiorari and entered a certificate of judgment on September 16, 2016. (Doc. 6, p. 3). Mr. Jackson objects to the magistrate judge's conclusion that his federal habeas petition is time-barred. Mr. Jackson also argues that if this Court accepts the magistrate judge's conclusion, then this Court should issue a certificate of appealability. (Doc. 7).

Mr. Jackson contends that his federal habeas petition is not time-barred because he filed the petition less than a year after the Alabama Supreme Court issued a certificate of judgment regarding his Rule 32 Petition. (Doc. 7, p. 4). As explained in the report and recommendation, the statute of limitations that applies to Mr. Jackson's federal habeas petition expired in May 2004. (Doc. 6, p. 4). Mr.

Jackson's 2014 Rule 32 petition did not revive the limitation period. *See McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009). Accordingly, the Court overrules Mr. Jackson's objections regarding the magistrate judge's determination that his claims are time-barred.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Under this standard, a certificate of appealability is not warranted.

Having considered the entire record, including the report and recommendation and Mr. Jackson's objections, the Court accepts the magistrate judge's recommendation and holds that Mr. Jackson's petition is time-barred.

The Court will enter a separate order dismissing Mr. Jackson's habeas petition.

**DONE** and **ORDERED** this June 6, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE